In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 22-3265

ROBERT ANTHONY BRYANT, *et al.*,

*Plaintiffs-Appellants*,

*v.*

JOEL CHUPACK, *et al.*,

*Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 22 C 949 — **Matthew F. Kennelly**, *Judge*.

_____

ARGUED OCTOBER 30, 2023 — DECIDED FEBRUARY 21, 2024

_____

Before EASTERBROOK, SCUDDER, and LEE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Owners of two parcels of real estate in Chicago contend that banks attempted to collect notes and mortgages that belonged to different financial institutions. By the time this federal suit began, the state judiciary had ruled that the banks were entitled to foreclose on both parcels, but they had yet to be sold, and the court had not entered final judgments specifying who owes how much to

whom. Plaintiffs say that this gives them an opportunity to engage in federal litigation under the holding of *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). But the district court concluded that the *Rooker-Feldman* doctrine, under which only the Supreme Court of the United States can review the judgments of state courts in civil suits, requires dismissal for lack of subject-matter jurisdiction. 2022 U.S. Dist. LEXIS 213501 (N.D. Ill. Nov. 28, 2022).

*Exxon Mobil* tells us that parallel state and federal litigation is proper as long as the state suit remains pending and that the *Rooker-Feldman* doctrine applies only when a loser in state court files a federal suit seeking review and rejection of the state court's judgment. 544 U.S. at 291–94. Our plaintiffs had lost a battle in state court but had not yet lost the war. Foreclosure litigation in Illinois continues until the collateral is sold, the judge confirms the sale, and the court either enters a deficiency judgment or distributes the surplus. We held in *HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771 (7th Cir. 2015), that a ruling of foreclosure in private civil litigation in Illinois is not "final" for the purpose of appeal under 28 U.S.C. §1291 until the sale, confirmation, and post-confirmation judgments have occurred. It is hard to see why a court should determine finality differently for purposes of *Exxon Mobil*.

The district court called the foreclosure decision "effectively final". 2022 U.S. Dist. LEXIS 213501 at *5. It did not cite *HSBC Bank v. Townsend*, likely because the parties had not cited that case in the district court. But because the *Rooker-Feldman* doctrine concerns subject-matter jurisdiction, legal arguments cannot be waived or forfeited. We must apply the doctrine correctly no matter how poorly the issues were briefed in the district court.

Parallel state and federal litigation is possible because the underlying dispute—who owns the notes and mortgages?— predates the state litigation and can be resolved independently of it. See *Exxon Mobil*, 544 U.S. at 293: "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party …, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.' *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (CA7 1993)". That description fits our case.

The district court relied on *Bauer v. Koester*, 951 F.3d 863 (7th Cir. 2020), for the proposition that a foreclosure decision is "effectively final" without the need for any later proceedings. That is not, however, what *Bauer* holds. After a state court ruled that a lender was entitled to foreclose on a mortgage, the parcel was not sold because the owners redeemed under state law by tendering payment. A dispute about how much interest they owed was settled, and the lender filed a satisfaction of judgment. So the state litigation in *Bauer* was not just "effectively" final; it was final in any possible sense. Not until more than two years after the satisfaction of judgment in state court did plaintiffs commence their federal suit, which constituted a direct attack on the judgment and a demand to get their money back. That situation is covered by the *Rooker-Feldman* doctrine.

The Supreme Court distinguished in *Exxon Mobil* between jurisdictional limits and the domain of preclusion (issue and claim preclusion, sometimes called collateral estoppel and res judicata). 544 U.S. at 293. A federal suit that contests the decision of a state court may be blocked by preclusion even when the federal court has jurisdiction. The state's foreclosure

decisions predated the federal suit's commencement. By the time the district court dismissed this suit, however, the state litigation about one parcel was over because a sale had occurred and been confirmed, and by the time we heard oral argument that was true for the second parcel as well.

The district judge wrote:

> The doctrine of claim preclusion bars a party from raising later claims based on facts that could have constituted a defense or a counterclaim in a prior proceeding if the successful prosecution of the second claim would effectively nullify the prior judgment or impair rights established in the prior action. … That is the case here … . Thus if the Court were to find that it has jurisdiction, it would dismiss the case with prejudice based on claim preclusion.

2022 U.S. Dist. LEXIS 213501 at *7. Plaintiffs contend that this is mistaken, because they present constitutional theories that the state judiciary did not resolve. Yet Illinois forbids sequential litigation about the same claim (such as who owns a note and mortgage) even when the plaintiff in the second case offers novel arguments. See, e.g., *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001); *River Park, Inc. v. Highland Park*, 184 Ill. 2d 290, 314–15 (1998); *Peoria v. Peoria City Lines, Inc.*, 24 Ill. 2d 457, 461–62 (1962). (State law governs issues of preclusion under 28 U.S.C. §1738.) Today the state litigation is over by any standard. Plaintiffs could have presented their constitutional arguments, including their contentions that the state judge engaged in ex parte contacts, through the judicial hierarchy in Illinois. They are not free to move what amounts to an appellate argument to a different judicial system. Our decision in *Svendsen v. Pritzker*, 91 F.4th 876 (7th Cir. 2024), canvasses the law of preclusion in Illinois and explains why a state court's final decision made after the federal litigation

begins is preclusive under the law of judgments in Illinois, which applies to this suit.

One final observation. Joel Chupack, the lead defendant, was not a party to either state case and does not claim the benefit of preclusion. That's because he was the trial judge. Someone who wants to present a claim that is assertedly independent of the state litigation embarrasses that effort by suing the state judge, which leads the federal court to think that the state-court judgment is exactly what the federal suit concerns.

At all events, Judge Chupack is entitled to absolute immunity from damages, because he acted in a judicial capacity in all respects that plaintiffs contest. See *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Snyder v. Nolen*, 380 F.3d 279, 285–86 (7th Cir. 2004). The district court applied judicial immunity without giving plaintiffs an opportunity to address the subject, but we have had the benefit of appellate briefs. If plaintiffs had said in the district court everything they say on appeal, it would not have helped them. Judge Chupack's entitlement to immunity cannot be doubted. Remand would be pointless.

The judgment of the district court is modified to reflect a dismissal with prejudice rather than a dismissal for lack of jurisdiction, and as so modified it is affirmed.